UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRYNA WOLFF, et al,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | No. 2:14-cv-03004-KJM-EFB<br><br><br><br>ORDER |

Attorneys Michael Baum and R. Brent Wisner, of the law firm Baum Hedlund Aristei & Goldman, P.C., move to withdraw as counsel of record for plaintiff Donald William Ruddell. ECF No. 64. In their motion, however, counsel indicate that Ruddell passed away on March 3, 2016. *Id.* ¶ 1. Because the effect of Ruddell's death on his claims is not clear, counsel's motion will be DENIED.

Upon the death of a party, Federal Rule of Civil Procedure 25 provides prescribes the steps to be taken. Specifically, Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In other words, for Ruddell's claim to survive, a statement of death must

1

be served upon the court, and a motion for substitution must be filed 90 days thereafter. *Id.* If no motion for substitution is made, the decedent's claims must be dismissed. *Id.* Neither a statement of death nor a motion for substitution have been filed thus far.

These steps must be followed before the court can evaluate a motion to withdraw under Federal Rule of Civil Procedure 83 and Local Rule 182(d) because several factors must be considered, including possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted). The court cannot fully consider those factors until any party seeking substitution is identified on the court's docket, including through the identification of a decedent's successor or representative. Further, because Ruddell passed away over two and a half years ago, it appears this court's Local Rules and the California Rules of Professional Conduct governing withdrawal were not previously satisfied. *See* L.R. 182(d) (requiring notice to client when requesting withdrawal); Cal. R. Prof. Conduct 3–700(A)(2) (requiring notice to client and reasonable time to obtain substitute counsel prior to withdrawal); *see also* Wisner Aff., ECF No. 64-1, ¶ 5 ("There has been no contact with plaintiff since the reported date of his death.").

Therefore, for the reasons stated above, counsel's motion to withdraw, ECF No. 64, is DENIED without prejudice. Counsel are instructed to file the notice of death called for by Federal Rule of Civil Procedure 25(a) so that the court may first assess whether Donald William Ruddell's claims survive him.

IT IS SO ORDERED.

DATED: December 12, 2018.

_____
UNITED STATES DISTRICT JUDGE