UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRYNA WOLFF, et al., | No. 2:14-cv-03004-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

On December 13, 2018, the court ordered that to determine the survival of this action and the potential substitution of a representative party, the parties must comply with Federal Rule of Civil Procedure 25 regarding the death of plaintiff Donald William Ruddell. ECF No. 71. Plaintiffs have filed a suggestion of death upon the record. *See* ECF No. 72. Without more, however, this suggestion of death fails to trigger the 90-day period provided by Rule 25(a)(1).

The Ninth Circuit has set forth a two-step process by which the notice provisions of Rule 25(a)(1) are satisfied: "a party must formally suggest the death on the record, and 'must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.'" *Meyers v. Cty. of Los Angeles*, No. CV 10-05225 DMG AJW, 2011 WL 7164461, at *2 (C.D. Cal. Dec. 19, 2011), *report and recommendation adopted*, No. CV 10-5225 DMG AJW, 2012 WL 394857

(C.D. Cal. Feb. 6, 2012) (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). Failure to satisfy these steps renders a party's suggestion of death defective under Rule 25. *See McNeal v. Evert*, No. 2:05-CV-441-GEB-EFB, 2015 WL 1680496, at *1 (E.D. Cal. Apr. 14, 2015) (previously finding defendants' suggestion of death defective when not served on defendant's 'nonparty successors or representatives'" (quoting *Barlow*, 39 F.3d at 233)).

Here, the court finds that Rule 25's notice requirements have not been satisfied. While the suggestion of plaintiff Ruddell's death, filed January 31, 2019, is a necessary component of Rule 25's two-step process, that alone is insufficient. Plaintiffs fail to show what efforts have been made to contact Ruddell's nonparty successors or representatives. *See* ECF No. 72. Accordingly, a party must provide proper notice to Ruddell's nonparty successors or representatives, as set forth in *Barlow*, or file a declaration stating what steps were taken to locate and serve such party. Rule 25's 90-day period will not begin until a party has satisfied this additional requirement. *Barlow*, 39 F.3d at 233. Once triggered, if the 90-day period expires without substitution by a nonparty successor or representative, the court may then dismiss the matter under Rule 25(a). *See, e.g.*, *Gruenberg v. Maricopa Cty. Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008) (dismissing case where plaintiff died approximately ten months prior, more than six months elapsed after notification of plaintiff's death and no inquiry had been made by a potential successor).

IT IS SO ORDERED.

DATED: June 12, 2019.

_____
UNITED STATES DISTRICT JUDGE