UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRYNA WOLFF, et al., | No. 2:14-cv-03004-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

On December 13, 2018, the court ordered that, to determine the survival of this action and the potential substitution of a representative party, the parties must comply with Federal Rule of Civil Procedure 25 regarding the death of plaintiff Donald William Ruddell. ECF No. 71. Plaintiffs subsequently filed a suggestion of death on the record. *See* ECF No. 72. In its order at ECF No. 73, the court explained that this suggestion of death was insufficient to trigger the 90-day period provided by Rule 25(a)(1), because the party suggesting death must also "serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* at 12 (quoting *Meyers v. Cty. of Los Angeles*, No. CV 10-05225 DMG AJW, 2011 WL 7164461, at *2 (C.D. Cal. Dec. 19, 2011), *report and recommendation adopted*, No. CV 10-5225 DMG AJW, 2012 WL 394857 (C.D. Cal. Feb. 6, 2012) (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994))).

1

On October 3, 2019, plaintiff's counsel of record for plaintiff Donald William Ruddell submitted a declaration explaining his multiple unsuccessful attempts to contact Ruddell and his efforts to locate and serve Ruddell's next of kin. ECF No. 75. In *Barlow*, the Ninth Circuit expressly declined to address a scenario where the deceased party's successors could not be ascertained. *See McNeal v. Evert*, No. 2:05-CV-441-GEB-EFB, 2015 WL 1680496, at *2 (E.D. Cal. Apr. 14, 2015) (citing *Barlow*, 39 F.3d at 234). A deceased party's counsel is generally expected to know who would be the representative or successor for the deceased party. *See Meyers*, 2011 WL 7164461, at *3 (citing Y*onofsky v. Wernick*, 362 F. Supp. 1005, 1011–12 (S.D.N.Y. 1973)). However, the court is satisfied by counsel's representations that he is not aware of any successor or next of kin, and has made a concerted effort to track down surviving relatives of Ruddell, but to no avail. *See* ECF No. 75 ¶ 7 (describing counsel's efforts to identify relatives and unsuccessful attempts to contact those relatives).

In light of this declaration, the court finds Rule 25's notice requirements have been satisfied. *See McNeal*, 2015 WL 1680496, at *4 ("If defendants wish to start [Rule 25's 90-day] clock, they must either serve a suggestion of death on the proper party for substitution or file a declaration with the court showing that the identity of such a party could not be ascertained.").

Rule 25's 90-day period begins after a party has satisfied this additional requirement. *Barlow*, 39 F.3d at 233. The court considers the 90-day time period to have begun October 3, 2019, the day plaintiff's counsel filed the affidavit satisfying the notice requirement. If the 90-day period expires without substitution by a nonparty successor or representative, the court may then dismiss the matter under Rule 25(a). *See, e.g.*, *Gruenberg v. Maricopa Cty. Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008) (dismissing case where plaintiff died approximately ten months prior, more than six months elapsed after notification of plaintiff's death and no inquiry had been made by a potential successor).

IT IS SO ORDERED.

DATED: October 10, 2019.

_____
UNITED STATES DISTRICT JUDGE